UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ERIK S. BOWKER, | ) | CASE NO. 1:05 CV 2488 |
| | ) | |
| Plaintiff, | ) | JUDGE ANN ALDRICH |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DEANE R. HASSMAN, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This action was removed from the Medina County Ohio Court of Common Pleas on October 21, 2005. The plaintiff pro se Erik S. Bowker filed this action against Federal Bureau of Investigation ("FBI") Agent Dean Hassman and the United States of America. In the complaint, plaintiff alleges that he was denied medication subsequent to his arrest. He seeks monetary damages.

*Background*

Mr. Bowker was arrested on August 29, 2001 by FBI Special Agent Deane Hassman. He claims he later was questioned by Agent Hassman and Agent Rachel Kolvek. He states he told the agents he had epilepsy and wanted to take phenobarbital tablets for which he had a prescription. Mr. Bowker contends the agents would not give him the medication and refused to call medical

professionals for assistance. He asserts that as a result of their "wrongful, negligent, intentional, malicious and reckless actions, ...[he] "suffered seizures, delirium, pain, suffering, trauma, and illness and injury." (Compl. at 2.) He requests an award of $ 500,000.00 in compensatory damages, and "the costs of investigating, filing, and pursuing this instant civil action, interest, loss of wages, costs, and any and all other relief and damages which this court may deem appropriate." (Compl. at 3.)

## *Analysis*

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

As an initial matter, Mr. Bowker does not explicitly identify the causes of action he proposes to assert. To the extent that he is attempting to set forth a Bivens[1] claim for deliberate indifference to serious medical needs, dismissal is required. "Deliberate indifference" by prison officials to an inmate's serious medical needs constitutes "unnecessary and wanton infliction of pain" in violation of the Eight Amendment's prohibition against cruel and unusual punishment.

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

2

Estelle v. Gamble, 429 U.S. 97, 104 (1976). Although the Eighth Amendment's protections apply specifically to post-conviction inmates, see Barber v. City of Salem, Ohio, 953 F.2d 232, 235 (6th Cir.1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well. Thompson v. County of Medina, Ohio, 29 F.3d 238, 242 (6th Cir.1994); see also Molton v. City of Cleveland, 839 F.2d 240, 243 (6th Cir.1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard). While a claim for violations of the Eighth and Fourteenth Amendments under color of federal law can be asserted in a Bivens action, Mr. Bowker's claims are hindered by insurmountable procedural bars.

The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter jurisdiction. McGinness v. United States, 90 F.3d 143, 145 (6th Cir. 1996). Sovereign immunity is not waived by general jurisdictional statutes, such as 28 U.S.C. §§ 1331 and 1340, but rather that plaintiff must cite to an explicit waiver of sovereign immunity. Carelli v. Internal Revenue Service, 668 F.2d 902, 904 (6th Cir. 1982). A waiver of sovereign immunity must be strictly construed in favor of the United States, unequivocally expressed, and cannot be implied. United States v. King, 395 U.S. 1,4 (1969); Soriano v. United States, 352 U.S. 270, 276 (1957). In the absence of this explicit waiver of immunity, this court lacks subject matter jurisdiction to consider a claim asserted against the United States or any of its agents sued in his or her official capacity. The United States has not waived sovereign immunity for a Bivens action. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 484-86 (1994); Okoro v. Scibana, No. 02-1439, 2003 WL 1795860 at * 1 (6th Cir. April 1, 2003)(stating that a federal prisoner can not bring a Bivens action against the Bureau of Prisons).

While a <u>Bivens</u> claim may be asserted against federal agent Deane Hassman in his individual capacity, the claim is now time-barred. In addressing the timeliness of a federal constitutional damages action, "the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." <u>Wilson v. Garcia</u>, 471 U.S. 261, 266-67,(1985). That practice applies both to § 1983 actions, and to <u>Bivens</u> actions. <u>Harris v. United States</u>, 422 F.3d 322, 331 (6th Cir. 2005). Ohio's two year statute of limitations for bodily injury pursuant to Ohio Rev. Code § 2305.10 applies to <u>Bivens</u> claims. <u>LRL Properties v. Portage Metro Housing Authority</u>, 55 F. 3d 1097 (6th Cir. 1995). Mr. Bowker alleges that he was denied medication in August 2001. This action was filed on October 3, 2005, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. See <u>Fraley v. Ohio Gallia County</u>, No. 97-3564, 1998 WL 789385, at **1 (6th Cir., Oct. 30, 1998)(affirming <u>sua sponte</u> dismissal of <u>pro se</u> §1983 action filed after two year statute of limitations for bringing such an action had expired).

To the extent that he is attempting to assert tort claims, they must also be dismissed. The Federal Tort Claims Act, 28 U.S.C. § 1346, provides the exclusive jurisdictional basis for tort claims against the United States and its employees. <u>Good v. Ohio Edison Co.</u>, 149 F.3d 413, 418 (6th Cir. 1998)(stating that a Federal Tort Claims action naming only the agency as a defendant must be dismissed for lack of jurisdiction because the only proper defendant is the United States); <u>Allgeier v. United States</u>, 909 F.2d 869, 871 (6th Cir. 1990)(concluding the United States is the only proper defendant in a suit alleging negligence by a federal employee). However, before a party may bring such an action, the claim must first be submitted, in writing, to the proper federal agency. 28 U.S.C. § 2675(a). The administrative prerequisites of § 2675 are met if the claimant (1)

gives the agency written notice of his or her claim that is sufficient to enable the agency to investigate and (2) places a value on his claim. Douglas v. United States, 658 F.2d 445, 447 (6th Cir. 1981). Mr. Bowker does not allege that he properly exhausted his administrative remedies under the Federal Tort Claims Act prior to filing this action. His tort claims therefore are dismissed without prejudice.

*Conclusion*

Accordingly, plaintiff's Bivens claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915A. His tort claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915A. The court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: December 15, 2005**

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.